**In re KANEOHE CUSTOM DESIGN, LTD., Debtor.**

**Bankruptcy No. 83–00312.**

United States Bankruptcy Court, D. Hawaii.

July 18, 1984.

Charles Brower, Honolulu, Hawaii, for debtor.

Kimo Leong, Honolulu, Hawaii, for creditor.

William B. Soenksen, Herbert Wilson, pro se.

## RECOMMENDATION RE: MOTION FOR RELIEF FROM AUTOMATIC STAY

JON J. CHINEN, Bankruptcy Judge.

Creditors William B. Soenksen and Herbert Wilson, ("Movants") filed the instant Motion for Relief from Automatic Stay on May 4, 1984. A preliminary hearing was held on May 30, 1984 and the final hearing was held on June 11, 1984, at which hearing were present Charles Brower, Esq., representing Kaneohe Custom Design, Ltd., fka Lloyd A. Yantes, Inc., dba Kapa Designs, Kaneohe Ceramic Supply ("Debtor"), Kimo Leong, Esq., representing Hawaiian Electric Co., Ltd., and Movants *pro se*. Based upon the evidence adduced, memoranda filed, the record herein and arguments presented, the following Findings of Fact and Conclusions of Law are hereby recommended:

## FINDINGS OF FACT

Debtor and Hawaiian Electric Company, Inc. are corporations incorporated in and doing business in the State of Hawaii. Movants are residents of the State of Hawaii and, at all times mentioned herein, were owners of 150, out of 1000 shares of common stock of Debtor issued and outstanding.

On October 15, 1982, the Debtor, then under the name of Lloyd A. Yantes, Inc., borrowed $5000.00 each from Movants and executed a promissory note in favor of Movants for a total of $10,000.00. Said note was secured by several items of collateral as listed in the promissory note and other documents executed on October 15, 1982. None of the documents was recorded in the Bureau of Conveyances of the State of Hawaii. None of the items of collateral were ever turned over to Movants. Instead Debtor continued to use all of the collateral in and as part of its business.

Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code on June 28, 1983. Debtor's Amended Plan of Reorganization, filed on January 31, 1984, proposed to pay Movants $1000.00 each or 20% of each claim. On March 2, 1984, this Court approved the Second Amended Disclosure Statement and scheduled an April 2, 1984 hearing for confirmation of the plan. On April 2, 1984, no one appeared at the scheduled hearing and a subsequent confirmation hearing was scheduled for May 15, 1984. Prior to this hearing, Movants filed the instant Motion for Relief from Stay on May 4, 1984.

In their Motion for Relief from Stay, Movants contend that they have a valid security interest in all of Debtor's personal property; that, upon default in payment of the $10,000 loan, Debtor surrendered all of Debtor's property to Movants; and that Movants left the property on Debtor's premises and permitted Debtor to use the property so that Debtor could continue its business. No documents were presented to show that the collateral had been turned over to Movants by Debtor.

Debtor, in opposing Movant's motion, contends that, because the documents creating the security interest were never recorded and because the collateral was continuously in the possession of Debtor and used in its business, the security interest had never been perfected.

Debtor further contends that, because the security interest claimed by Movants was never perfected, such unperfected security interest was subordinate to the rights of the Debtor in possession. Debtor emphasizes that, under H.R.S. § 490:9–301(1), one who becomes a lien creditor before a security interest is perfected has rights superior to the holder of such unperfected security interest. Pursuant to 11

U.S.C. § 544(a) the trustee (or debtor-in-possession pursuant to 11 U.S.C. § 1107(a)) is a lien creditor from the date of filing of the petition.

The Court notes that no Complaint has been filed to set aside the security interest of Movants.

## CONCLUSIONS OF LAW

Section 490:9–302, Hawaii Revised Statutes ("HRS"), provides that a financing statement must be filed to perfect all security interests unless the collateral is in the possession of the secured creditor.

■ Since the security agreement covering Debtor's personal property was never recorded and since Debtor's personal property was never in the possession of Movants but was always in the possession of and used by Debtor in its business, Movants' lien has never been perfected. Thus, Movants have an unperfected security interest in Debtor's personal property.

Upon filing its petition, Debtor assumed the position of certain parties as against any holders of unperfected liens. Section 544 of the Bankruptcy Code reads as follows:

**§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers**

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or; not such a purchaser exists.

(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

■ Pursuant to § 544, the Trustee or Debtor-in-Possession has only those rights which a hypothetical judgment lien creditor, unsatisfied execution creditor or bona fide purchaser of real property from the debtor would actually possess under applicable state law. *In Re Anderson*, 30 B.R. 995 (D.C.M.D.Tenn.1983).

The applicable state law in this case, Section 490:9–301(1), HRS provides as follows:

§ 490:9–301 Persons who take priority over unperfected security interests; "lien creditor". (1) Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of

. . . .

(b) A person who becomes a lien creditor without knowledge of the security interest and before it is perfected;

■ Since, pursuant to Section 490:9–301(3), a trustee in bankruptcy is included within the definition of a lien creditor and since the Debtor-in-possession in this situation takes the place of a hypothetical lien creditor, the "knowledge" element is not relevant, the Debtor-in-possession herein

has priority over movants. 11 U.S.C. § 1107; Section 490:9–301(1)(b), HRS.

■ Pursuant to 11 U.S.C. 544(b), the Trustee or Debtor-in-Possession *may avoid* unperfected liens which are voidable by certain creditors under applicable laws. Debtor has failed to present the applicable law by which it may avoid the unperfected lien in the instant case. In addition, Debtor has failed to take action to avoid Movants' lien.

Section 490:9–201, HRS provides as follows:

Section 490:9–201. General validity of security agreement. Except as otherwise provided by this chapter a security agreement is effective according to its terms between the parties, against purchasers of the collateral and against creditors.

Thus, under Section 490:9–201, HRS, Movants' lien is valid but is subordinate to the rights of Debtor-in-Possession pursuant to Section 490:9–301(1) and (3), HRS.

■ Having determined the validity and the priority of the rights of the Debtor-in-Possession over the unperfected security interest of Movants, the Court turns to the instant motion. In order to prevail in a Motion for Relief From Automatic Stay, Movants must satisfy the requirements of Section 362(d) of the Code.

Section 362(d) reads as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Debtor's Amended Disclosure Statement, filed on February 23, 1984, values its assets at $6,426.51. Since Movants are owed $10,000.00, there clearly is no equity in Debtor's estate. However, it is undisputed that all of the items of collateral covered by Movants' security agreement are necessary for an effective reorganization. Movants are thus not entitled to have the stay lifted under Section 362(d)(2).

If the stay is not lifted pursuant to § 362(d)(2), Movants are entitled to a lifting of the stay pursuant to § 362(d)(1) unless adequate protection is provided. As previously discussed, Movants hold a $10,000.00 unperfected lien on Debtor's personal property, which lien is subordinate to the interest of Debtor-in-possession. (11 U.S.C. § 544; 11 U.S.C. § 1107; HRS § 490:9–301(1)). Since Debtor-in-Possession holds priority over the claim of Movants, the allowed value of Movants' security interest is nil. The proposed 20% distribution to Movants pursuant to Debtor's proposed Amended Plan thus provides adequate protection to Movants. Therefore, Movants are not entitled to relief from the stay pursuant to § 362(d)(1).

Based on the foregoing, IT IS HEREBY RECOMMENDED, unless objections are filed within ten (10) days of receipt of these Findings of Fact and Conclusions of Law, that an Order be entered by the United States District Court adopting the instant Findings of Fact and Conclusions of Law.